*845 A.2d 1278*

BETTY DAVIS, COMPLAINANT–APPELLANT, v.
AMERICAN HONDA MOTOR COMPANY,
RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 3, 2004—Decided April 19, 2004.

Before Judges KESTIN, CUFF and AXELRAD.

*Anthony Rizzo*, attorney for appellant.

*Klett Rooney Lieber & Schorling*, attorneys for respondent *American Honda Motor Company* (*Raymond A. Kresge* and *Jill Garfinkle Weitz*, on the brief).

*Peter C. Harvey*, Attorney General, attorney for the Division on Civil Rights (*Jacqueline Pham*, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

Complainant, Betty Davis, appeals from an order entered by the Director of the Division on Civil Rights closing the file in her matter, *i.e.*, dismissing her complaint. The order was based upon a finding that there was "no probable cause to credit the allegations of the complaint[.]" Without addressing the merits of the complaint, we vacate the closure order and remand for further proceedings.

In her verified complaint, filed on October 11, 2001, complainant charged unlawful discrimination in employment by reason of physical handicap. She alleged that respondent, American Honda Motor Company, her employer, had failed to take reasonable steps to accommodate her bulging discs and degenerative back disease.

The Director's order dismissing the complaint was entered on August 1, 2002. Complainant's notice of appeal was filed on September 20, 2002. On April 28, 2003, complainant moved for leave to supplement the record on appeal with additional material not previously presented, including a medical report prepared two weeks after complainant's termination as part of a workers' compensation claim she had filed.

In an order entered on May 20, 2003, we denied the motion to supplement the record, but temporarily remanded the matter to the Division "to reconsider its finding of no probable cause in the light of the additional materials presented in the motion." On July 18, 2003, the Division issued findings based upon its supplemental investigation, reiterating the previous determination that there was no probable cause to credit the charge that respondent had unlawfully discriminated against complainant based on her asserted disability.

In her brief on the merits, filed the same day as her motion to supplement the record, complainant contends that she "was deprived of procedural fairness because she was neither invited to the Division's fact-finding conference nor was she given copies of the documents respondent gave the Division for its probable cause

determination[,]" and that "[r]espondent used claimant's handicap as an excuse to fire her and accomplish a reduction in force." Neither respondent, in its brief filed following the supplemental findings and conclusions, nor the Division, in its statement in lieu of brief filed several weeks later, discusses the procedural defects asserted in complainant's first argument. And, apparently, no effort was made to address those defects when the matter was reconsidered on our temporary remand.

The record supports complainant's contention that a fact-finding conference was scheduled for March 26, 2002. Neither respondent nor the Division dispute complainant's assertion that she was not notified of the fact-finding conference or invited to participate in it. We have been given no reason to discern other than that the scheduled conference was held as planned. Indeed, documents in the record bespeak follow-up activity as a result of the conference. There is no challenge, either, to complainant's related contention that she was not given a fair opportunity to address the verbal and documentary matter received by the Division in the fact-finding conference or submitted thereafter.

The Law Against Discrimination, *N.J.S.A.* 10:5–1 to –42, authorizes the Division to investigate complaints of discrimination. *See N.J.S.A.* 10:5–8. By way of effecting this authority, and pursuant to the legislative grant of rulemaking power, *N.J.S.A.* 10:5–8g, the Attorney General has promulgated rules of practice and procedure addressing the exercise of the investigatory function. *See N.J.A.C.* 13:4–2.1 to –2.3. Those rules authorize the Division, *inter alia,* to convene a fact-finding conference as part of its investigation of a discrimination complaint. *See N.J.A.C.* 13:4–2.3. Although, on the face of the latter regulation, the fact-finding conference is an investigatory tool which may or may not be used, *see N.J.A.C.* 13:4–2.3(a)1 ("the Division *may* convene a fact-finding conference"), the remainder of the regulation expressly provides that once a fact-finding conference is scheduled, "[t]he Division *shall* provide the parties with written notice[.]" *N.J.A.C.* 13:4–2.3(a)2. The regulation goes on to confer opportunities upon "the

parties" that unquestionably connote their participation in the fact-finding conference. *See N.J.A.C.* 13:4–2.3(b).

■ We note, as well, that *N.J.A.C.* 13:4–2.3(c)1 declares as "discoverable," "[f]ollowing a Finding of Probable Cause or No Probable Cause, any reports of factual statements made at the fact-finding conference[.]" It is not clear how this discovery right can be of any avail to a complainant whose claim has already been dismissed for want of probable cause based upon information received in the fact-finding conference and via such other investigatory efforts as may have occurred.* Given the finality of a finding of probable cause, *i.e.,* dismissal of the complaint, it seems implicit in the statute and regulations, and essential to a fair consideration of every complaint, that any person who files a complaint in the Division must have a fair opportunity to review and respond to all submissions opposing the claim before the Director considers a dismissal.

■ In any event, it is clear that, when a fact-finding conference is held without notice to the complainant or an opportunity to participate, she is deprived of a procedural opportunity explicitly conferred by the rules and regulations that establish the Division's practices and govern all those subject to its jurisdictional sway. The potential for prejudice is apparent, for an investigatory process that is expressly premised upon the participation of all parties in any phase may well result in a skewed evaluation of a situation if one party is excluded from that piece of the process. "Because administrative regulations that apply to the regulated public have the force and effect of statutory law, an administrative agency ordinarily must enforce and adhere to, and may not disregard, the regulations it has promulgated." *County of Hudson v. Department of Corrections,* 152 *N.J.* 60, 70, 703 *A.2d* 268 (1997) (citing *In re Waterfront Development Permit,* 244 *N.J.Su-*

---

* The record does not disclose what, if any, discovery was formally sought by complainant during the pendency of the matter or after the finding of no probable cause was entered.

*per.* 426, 434, 582 *A.*2d 1018 (App.Div.1990), *certif. denied,* 126 *N.J.* 320, 598 *A.*2d 880 (1991)). *See also In re CAFRA Permit No. 87–0959–5,* 152 *N.J.* 287, 308, 704 *A.*2d 1261 (1997) (observing that "[i]n general, an administrative agency should follow its own rules and regulations").

It follows then, that, before a resolution of the merits at this stage can occur, *i.e.,* whether the matter qualifies for contested-case designation and reference to the Office of Administrative Law for plenary consideration, the probable cause determination must be reconsidered with each party afforded the procedural opportunities conferred by statute and administrative regulation. Thus, the second issue complainant raises on appeal, in which she seeks a determination that respondent acted in violation of law or, in the alternative, referral for a hearing, cannot be addressed until the procedural flaw relating to the finding of no probable cause is remedied. The Division is required to premise its dispositions on a record developed in accordance with prevailing rules.

The order dismissing the complaint is vacated and the matter is remanded to the Division on Civil Rights for further proceedings. We do not retain jurisdiction.